ORIGINAL

ALBERTO D. ESPAYOS
P.O. Box 7206 SVRB
Saipan, MP 96950
Telephone: 670.288.0737
e-mail: espayos12@yahoo.com

**PLAINTIFF PRO SE**

FILED
Clerk
District Court

AUG -1 2012

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE U. S. DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALBERTO D. ESPAYOS ) | Civil Case No. CV 12-0017 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| PAR GOVERNMENT; ROME ) | |
| RESEARCH CORPORATION; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and 42 USC § 2000e, et seq, to correct unlawful employment practices on the basis of retaliation towards Plaintiff Alberto D. Espayos. As stated below, Plaintiff Espayos was subjected to retaliatory action by the Defendants and summarily terminated during an active EEOC investigation.

### JURISDICTION AND VENUE

1.  The Court has jurisdiction in this matter pursuant to 48 U.S.C. § 1821-22 and 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345, and 1367.

2. This action is authorized and instituted by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 and 1983.

3. Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Alberto D. Espayos (hereinafter "Espayos") is a forty-five year-old male Filipino citizen, who has resided on Saipan for twenty four years, and at all relevant times was employed at Rome Research Corporation from 2004 through 2010.

5. At all relevant times, Defendant PAR Government, 421 Ridge Street, Rome, New York 13440 (hereinafter "PAR"), a corporation with headquarters in New York, through its totally owned subsidiary Rome Research Corporation, has been continuously doing business in the Commonwealth of the Northern Mariana Islands under a contractual arrangement with the International Broadcasting Bureau (IBB) of the United States of America. At all relevant times, PAR has continuously had at least 15 employees and more than 500 employees and was the employer of all the Defendants within the meaning of Title VII of the Civil Rights Act of 1964.

6. At all relevant times, Defendant Rome Research Corporation, 314 South Jay Street, Rome, New York 13340 (hereinafter "RRC"), a corporation under PAR Government with headquarters in New York, has been continuously doing business in the Commonwealth of the Northern Mariana Islands under a contractual arrangement with the International Broadcasting Bureau (IBB) of the United States of America. At all relevant times, RRC has continuously had at least 15 employees and more than 500

employees and was the employer of all the Defendants within the meaning of Title VII of the Civil Rights Act of 1964.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all the Defendants, each acting as successor, agent, employee, or under the direction and control of others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the cats and failures to act of each Defendant acting individually, jointly, and/or severally.

## FACTUAL ALLEGATIONS

8. Leonora C. Angello (hereinafter "Angello"), a married U.S. Filipina, was employed as an Electronic Equipment Operator (EEO) from 2004 through 2010 at RRC, which was doing business on Saipan under a United States federal contract with the International Broadcasting Bureau (IBB).

9. In the late spring and summer of 2009, another supervisory employee of RRC, Arnel Gruspe (hereinafter "Gruspe"), started to make sexual advances to Angello and repeatedly engaged in acts of unwanted sexual harassment towards her.

10. Gruspe failed to adhere to RRC company policy of "zero tolerance" of unwanted sexual behavior in any shape of form towards other employees, and Angello and filed an official complaint to RRC on September 16, 2009.

11. A meeting was held with Angello and RRC manager Daniel Hartnett and Saipan Site Manager Ed Williams. Gruspe came to the meeting and retracted his earlier statements of innocence and admitted to sexually harassing Angello.

12. Plaintiff Espayos witnessed improper actions taken by Gruspe in the workplace, e.g., sexually explicit photographs on his office wall, his vulgar and sexually-explicit language, and unwanted advances towards Angello.

13. Espayos wrote a witness statement to RRC about an incident where Angello was hugged from the rear by Gruspe.

14. Daniel Weissenberger, PAR and RRC Labor Relations Director, finally wrote a letter to Angello in December of 2009, wherein it stated that Gruspe admitted to improper actions.

15. Angello filed an Equal Employment Opportunity Commission (EEOC) complaint in early 2010 for sexual harassment and retaliation.

16. During an ongoing EEOC investigation involving Angello, her RRC witnesses Espayos, Jesse Muna Villar, Alex Igisair and Michael Naputi, were all terminated by RRC on or before 12/31/10.

17. RRC stated at the time they were cutting back on EEO/Maintenance Technician staffing, but simultaneously filed several EEO/Maintenance Technician job vacancy notices soon thereafter.

18. Espayos filed an EEOC complaint for retaliation against RRC in November of 2010.

19. Espayos received his 4/24/12 EEOC right to sue from the EEOC Hawaii office on May 1, 2012. See attached EEOC Right to Sue.

## FIRST CAUSE OF ACTION

### Unlawful Employment Practices Retaliation (Title VII)

### (Against All Defendants)

20. Paragraphs 1-19 of the Complaint are realleged and incorporated here by reference.

21. By reasons of the foregoing acts, Defendants have retaliated against the Plaintiff with respect to his compensation, terms, conditions and privileges of employment because of retaliation against the Plaintiff Espayos in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

22. Plaintiff timely filed a retaliation charge against Defendants with the EEOC, and Espayos received his notice of his right to sue from EEOC on May 1, 2012 and timely filed this Complaint.

23. By reason of Defendants' unlawful employment practices, Plaintiff is entitled to remedies set forth in 42 U.S.C. § 2000e et seq and 42 U.S.C. § 1981.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights (§ 1983)

### (Against All Defendants)

24. Paragraphs 1-23 of the Complaint are realleged and incorporated here by reference.

25. All Defendants, through their actions as set forth herein, have subjected Plaintiff to the deprivation of their constitutional rights to due process of law and equal protection of the laws, and are liable to Plaintiff in a civil action under 42 U.S.C. § 1983.

5

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. General and incidental and consequential damages in an amount to be proven in this proceeding.

2. An order enjoining the Defendants from engaging in unlawful employment practices.

3. An order requiring such affirmative action by Defendants as may be appropriate, further including back pay and front pay, or any other equitable relief as the Court deems appropriate.

4. Compensatory and punitive damages, including but not limited to damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5. Interest and costs.

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted on this 30th day of July, 2012

_____
Alberto D. Espayos
Plaintiff Pro Se

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Alberto Espayos**<br>P.O. Box 7206 Svrb<br>Saipan, MP 96950 | From: **Honolulu Local Office**<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2011-00070 | Raymond Griffin, Jr.,<br>Investigator | (808) 541-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     4/24/12
Timothy A. Riera,     *(Date Mailed)*
Director

Enclosures(s)

cc:   Rome Research Corporation
c/o Goodsill Anderson Quinn & Stifel
ATTN: Barbara Petrus, Esq.
P.O. Box 3196.
Honolulu, Hawaii 96801

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*